UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MICHAEL JAMES MCNULTY** and
**BARBARA KATHERINE MCNULTY**,

Debtors.

Case No. **07-60611-13**

MEMORANDUM OF DECISION

At Butte in said District this 19th day of May, 2008.

In this Chapter 13 case the Court held a hearing at Great Falls on May 16, 2008, on the "Application for Allowance of Attorney's Fees as an Administrative Expense" ("Application") (Docket No. 56) filed on April 25, 2008, by Debtors' attorney D. Randy Winner ("Winner") of Action Bankruptcy Center, P.C. Winner appeared at the hearing in support of his Application, which requested an award of attorney fees pursuant to 11 U.S.C. § 330(a), 11 U.S.C. § 502(b)(2) and F.R.B.P. 2016, in the amount of $3,708.00 which includes costs of $25.00. No testimony or exhibits were admitted. The Court heard statements from Winner and from the Chapter 13 Trustee Robert G. Drummond. The Court scheduled the hearing by Order entered on May 12, 2008, because of the substantial discrepancy between the amount of fees provided for under the Debtors' confirmed Plan compared with the award of fees requested in Winner's Application. After discussing the Application with Winner and receiving the Trustee's input, the Court specifically stated that it found no intent to deceive by Winner, but advised him that the amount of fees requested in his Application would be subject to reduction for lack of disclosure.

1

This Court has exclusive jurisdiction of the above-captioned Chapter 13 case under 28 U.S.C. § 1334(a).  This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law pursuant to F.R.B.P. 7052 and Fed. R. Civ. P. 52.

**FACTS**

According to the billing statements included with Winner's Application, he first met with the Debtor Michael James McNulty ("Michael") and his spouse on December 20, 2006.  Winner explained that the Debtor's spouse had an interest in a disputed probate estate, and he advised the Debtor to file a Chapter 13 case separately so that his spouse would be protected by the codebtor stay.  Debtor Michael filed his petition on May 31, 2007, and filed his Schedules, Statements, and Chapter 13 Plan, including Winner's Rule 2016(b) "Disclosure of Compensation of Attorney for Debtor(s)" ("Disclosure") two weeks later.  Barbara Katherine McNulty ("Barbara"), represented by different counsel, filed her Chapter 13 petition on October 9, 2007.  The cases were consolidated on October 24, 2007.

Winner's billing records shows legal services rendered prior to the petition date, but those are not included in the $3,708 fee requested in the Application.  The Application states that Winner received $2,100.00 paid from the Debtor prior to the commencement of the case, and $548.00 which was paid as the filing fee.  The total attorney fees reflected in the Application and billing statement, including prepetition services, is $5,010.00.

Winner's Disclosure of Compensation filed with Michael's Schedules and Statements states that for legal services he has agreed to accept $626.00, that prior to the filing of the Disclosure he had received $626.00 from Michael, and that the balance due was "0.00".  At paragraph 6 Winner's Disclosure states in pertinent part:

>Chapter 13: Fees in excess of retainer to be paid under the plan at a rate of $150.00 per hour upon fee application. Alternatively, attorney fees totaling less than $1750.00 less retainer, to be paid under the plan pursuant to local bankruptcy rules. Any additional attorney fees incurred subsequent to plan confirmation shall be paid by the debtor to the attorney at that rate of $150.00 per hour, but may, alternatively, be disbursed by the Chapter 13 Trustee upon submission of Notice of Attorney fee paid post confirmation.

Winner filed amended Schedules, Statements and Plan at the beginning of November, 2007, including an amended Disclosure of Compensation stating that he agreed to accept and has received $1,252.00 from the Debtors, with $0.00 balance due, and the above-quoted language. At the hearing Winner stated that usually he will know near the beginning of a Chapter 13 case whether it will require services in excess of the "no look" presumed reasonable Chapter 13 fee of $1,750.00 provided under Montana Local Bankruptcy Rule 2016-1(b). Winner stated that he thought the estate would be billed for the fees in excess of the presumed reasonable fee.

The Court pointed out that an application would still be required for the full amount under Mont. LBR 2016-1(b) which concludes with the sentence that if attorney fees exceed the $1,750.00 presumed fee, "the professional must file an application pursuant to this rule, and submit evidence that the entire amount of fees requested are reasonable and necessary for the proper representation of the debtor."

Objections to confirmation were filed by the Montana Department of Environmental Quality ("DEQ") and the Trustee. Debtors filed a further amended Plan on April 17, 2008, which cured all objections and which was confirmed by Order entered April 21, 2007. The confirmed Plan provided at paragraph 2(a) for payment of administrative claims, "including the Debtors' attorney fees in the amount of $824.00 and costs in the amount of $250.00 or, alternatively, such fees and costs in such amount as may be allowed by the Court." Winner did

3

not sign Debtors' amended Plan, but he prepared it and filed it electronically. No distribution was provided to unsecured claims under paragraph 2(f).

Compared with the $824.00 fee disclosed in the Plan, Winner's billing statement filed with his Application shows that, as of April 17, 2008, Winner had accrued attorney fees for this case in the approximate amount of $4,500.00.[1] Winner did not explain the discrepancy between the fee disclosed in Debtors' confirmed Plan and the fees shown by his Application and billing statements which were filed only eight days after the Plan. Neither did Winner explain the discrepancy between the amount he stated he received from the Debtors prior to the commencement of the case ($2,100.00) and the amounts stated in his Disclosures ($626.00 then $1,252.00).

### DISCUSSION

No objection to Winner's Application have been filed. The U.S. Trustee has not filed a response to Winner's fee application pursuant to 28 U.S.C. § 586(a)(3)(A). Notwithstanding the absence of opposition to this Application after notice, this Court has an independent obligation to review each application to evaluate the propriety of the compensation requested. *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3rd Cir. 1994); *In re Wildman*, 72 B.R. 700, 701 (Bankr. N.D. Ill. 1987). In *Busy Beaver*, the court explained:

> [T]he integrity of the bankruptcy system ... is at stake in the issue of a bankruptcy judge's performance of the duty to review fee applications *sua sponte*. The public expects, and has a right to expect, that an order of a court is a judge's certification that the result is proper and justified under the law.... Nothing better serves to allay [public perceptions that high professional fees unduly drive up bankruptcy costs]

---

[1] Fees incurred after April 17, 2008, shown by the billing statement total 3.4 hours, which at $150.00 per hour total $510.00. Subtracting $510.00 from the total fees in $5,010.00 leaves $4,500.00.

> than the recognition that a bankruptcy judge, before a fee application is approved, is obliged to [review it carefully] and find it personally acceptable, irrespective of the (always welcomed) observation of the [United States trustee] or other interested parties.

A bankruptcy court may award reasonable compensation to a debtor's attorney in a chapter 12 or chapter 13 case "for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B); *In re Eliapo*, 468 F.3d 592, 597 (9th Cir. 2006). Section 330(a)(3) lists factors to be considered in determining whether to allow fees:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§ 330(a)(3). The court may *sua sponte* award compensation that is less than the requested amount. 11 U.S.C. § 330(a)(2); *Eliapo*, 468 F.3d at 597.

Winner's services resulted in the Chapter 13 Trustee filing a consent to confirmation on

5

on April 17, 2008, and the Court confirmed Debtors' amended Plan, with the provision for attorney fees in the stated amount of $824.00, on April 21, 2008.  The provisions of a confirmed plan bind the debtor and each creditor.  11 U.S.C. § 1327(a).

The Court recognizes that Winner provided valuable services to the Debtors, and produced a good result.  Further, the Court stated at the hearing that it found no intent to deceive the Court by Winner.  However, the Court cannot escape its responsibility to review the fees requested in the Application ($5,010.00) compared with the $824.00 fee disclosed in the Plan.  The plan provision following the $824.00 disclosed fee which contemplates fees in other allowed amount does not excuse such a discrepancy.  This Court has held that such a gross understatement of fees can have a drastic impact on the confirmation of debtors' plans, and this Court will not tolerate this type of misrepresentation.  *In re Townsend*, 17 Mont. B.R. 141, 143-44 (Bankr. D. Mont. 1998).

As the Court explained at the hearing, with the Trustee's input, it is necessary to have an accurate disclosure of attorney fees, including updated or amended Disclosure, in a proposed Plan in order for the Trustee and the Court to determine whether the different requirements for confirmation, including but not limited to the "best interests of creditors" test at 11 U.S.C. § 1325(a)(4), are satisfied.  The Trustee stated and this Court agreed that Winner's Disclosures and amount of fees requested in the Plan were not properly used and did not accurately reflect the Debtors' fee arrangements with Winner.

Section 329 of the Code provides:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the

compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –

(1) the estate, if the property transferred-

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

Section 329 is implemented by F.R.B.P. 2016. Rule 2016(b) provides, in pertinent part, the following:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

Based upon the foregoing code section and rule, Winner had a duty to accurately disclose his fee arrangements for his representation of the Debtors, and to accurately set forth his fees when they exceeded his original Disclosure Statement, and in Debtors' amended Plan. Winner's failure to file an accurate supplemental disclosure is in violation of the § 329 and F.R.B.P. 2016(b). *See In re Lewis*, 113 F.3d 1040, 1044-45 (9th Cir. 1997).

7

The Ninth Circuit panel in *In re Park-Helena Corp.*, 63 F.3d 887, 880-81 (9th Cir. 1995), concluded:

> To facilitate the court's policing responsibilities, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor and who seek to recover fees. *See* 11 U.S.C. § 329; Fed.R.Bankr.P. 2014 & 2016. The disclosure rules impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule. *In re Film Ventures Int'l,* 75 B.R. at 252.
>
> * * *
>
> A fee applicant must disclose "the precise nature of the fee arrangement," and not simply identify the ultimate owner of the funds. *See In re Glenn Elec. Sales Corp.,* 99 B.R. 596, 600 (D.N.J.1988); *see also In re Bob's Supermarket's, Inc.,* 146 B.R. 20, 25 (Bankr.D.Mont.1992) ( " '[D]ebtor's counsel [must] lay bare all its dealings ... regarding compensation.... Counsel's fee revelations must be direct and comprehensive. Coy, or incomplete disclosures ... are not sufficient.' ") (quoting *In re Saturley,* 131 B.R. 509, 516-17 (Bankr.D.Me.1991)), *aff'd in part and rev'd in part,* 165 B.R. 339 (9th Cir. BAP 1993); *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr.E.D.Cal.) ("the duty is one of complete disclosure of *all facts* ") (emphasis added), *aff'd,* 123 B.R. 466 (9th Cir. BAP 1990); *In re B.E.S. Concrete Prods., Inc.,* 93 B.R. 228, 237 (Bankr.E.D.Cal.1988) ("The burden is on the person to be employed to come forward and make *full, candid, and complete disclosure.*") (emphasis added).
>
> The disclosure rules are applied literally, even if the results are sometimes harsh. *See In re Plaza Hotel,* 111 B.R. at 883. Negligent or inadvertent omissions "do not vitiate the failure to disclose." *In re Maui 14K, Ltd.,* 133 B.R. 657, 660 (Bankr.D.Haw.1991); *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr.S.D.Cal.1984). Similarly, a disclosure violation may result in sanctions "regardless of actual harm to the estate." *In re Maui 14K,* 133 B.R. at 660.

The Court is given the inherent authority over Debtors' attorney's compensation to approve or deny fees and costs, in whole or in part, if a violation of disclosure occurs. *See In re*

*Lewis*, 113 F.3d at 1045; and *In re Buckner,* 350 B.R. 874, 878 (Bankr. D. Idaho 2005).  The panel in *Lewis* stated:

> Although we did not explicitly so recognize in *In re Park-Helena,* the bankruptcy court's authority to deny completely these attorney's fees was grounded in the inherent authority over the debtor's attorney's compensation. The Bankruptcy Code contains a number of provisions (e.g., §§ 327, 329, 330, 331) designed to protect the debtor from the debtor's attorney. *See, e.g., In re Walters,* 868 F.2d 665, 668 (4th Cir.1989) (noting that § 329 and Rule 2017 are designed to protect the creditors and the debtor against overreaching by attorney). As a result, several courts have recognized that the bankruptcy court has broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of these provisions. *See, e.g., In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir.1995) ("Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 575 (Bankr.N.D.Tex.1986) ("Indeed, a failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring the return of sums already paid.").

The Court found no intent to deceive on Winner's part, at the hearing.  Notwithstanding, the Court must apply its discretion consistently and uniformly in enforcing the disclosure requirements of § 329 and Rule 2016.  The result in this case reflects Winner's diligent representation and is a good result.  However, the Court cannot excuse Winner's improper disclosure and the discrepancy in the fees disclosed in the confirmed Plan when compared with the magnitude of the fees finally disclosed in Winner's Application, $5,010 with $2,100 received from the Debtors prior to the commencement of the case.

9

To enforce the disclosure requirement of § 329 and Rule 2016, and to encourage accurate disclosure in the course of cases and in proposed plans, this Court exercises its discretion by limiting Winner's award of fees and costs to those which were actually disclosed in a timely manner. The Court will award Winner fees in the amount of the retainer disclosed in the amended Disclosure, $1,252.00, plus the $824.00 in fees stated in the Plan, plus the $510.00 in post-confirmation fees included in the billing statement for a total award of fees in the sum of $2,586.00$^2$, plus $250.00 in costs. The total of $2,836.00 is reduced by the $1,252.00 retainer, leaving an amount payable through the confirmed Plan in the amount of $1,584.00.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above granting in part and denying in part the "Application for Allowance of Attorney's Fees as an Administrative Expense" (Docket No. 56) filed on April 25, 2008, by Debtors' attorney D. Randy Winner of Action Bankruptcy Center, P.C.; Winner shall be awarded reasonable attorney fees in the amount of $2,586.00 plus $250.00 in costs for a total award in the amount of $2,836.00, which shall be reduced by the $1,252.00 retainer disclosed in Winner's Amended Disclosure of Compensation, leaving an amount of attorney's fees and costs payable through the confirmed Plan in the amount of $1,584.00.

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

$^2$The Court deems the reduced amount fees sufficient to include Winner's instances of lumping, and will make no further reductions for lumping.